## LEIGH *v.* GREEN.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 119.   Argued January 13, 1904.—Decided February 23, 1904.

Where-the claim that a state statute is unconstitutional is first made on a
motion for rehearing in the highest court of the State, and the motion is
entertained, and the Federal question decided against the contention of
the plaintiff in error, the question is reviewable in this court.   *Mallett* v.
*North Carolina,* 181 U. S. 589.

Where the State seeks directly or by authorization to others to sell land
for taxes upon proceedings to enforce a lien for the payment thereof, and
the owner is unknown, it may proceed directly against the land within the ·
jurisdiction of the court, and a notice which permits all interested, who
are "so minded," to ascertain that it is to be subjected to sale to answer
for taxes, and to appear and be heard, whether to be found within the
jurisdiction or not, is due process of law within the Fourteenth Amend-
· ment to the Constitution.

The statute of Nebraska, Laws, 1875, February 19, p. 107, for the enforce-
ment of liens for taxes by sale of the property is not repugnant to the due
process clause of the Constitution because in certain cases it permits,
under the provisions prescribed in the statute, a proceeding *in rem* against
the land.

THE facts essential ·to the determination of this case are
briefly summarized as follows : Irwin Davis was the owner of
certain lands in Knox County, Nebraska.   On the twenty-
fourth day of November, 1880, an action was begun by
Algernon S. Patrick against Davis, in the District Court of
the county, and an attachment was issued and levied upon the
lands.   The case was afterwards removed to the Circuit Court
of the United States for the District of Nebraska, on Octo-
ber 18, 1882, where on January 21, 1890, an order for the sale
of the lands in question was made for the satisfaction of the
judgment, and the same were sold on May 15, 1894, by the
United States marshal to Lionel C. Burr.   Burr afterwards
conveyed the lands to Crawford and Peters.   On June 23,
1894, Crawford and Peters conveyed the premises to Alvin L.
Leigh, the plaintiff in error in the present case

Pending said attachment proceedings, on Decei ber 28, 1882,

a deed was filed for record in the clerk's office of Knox County, purporting to convey the lands to Henry A. Root on October 8, 1880. Afterwards, on May 12, 1894, a decree was rendered in the District Court of Douglass County, Nebraska, in a cause wherein said Patrick was plaintiff and Davis and others were defendants, setting aside the deed from Davis to Root as fraudulent and void as against the said Patrick.

In 1891 actions were brought in the District Court of Knox County, wherein the Farmers' Loan and Trust Company was plaintiff and Henry A. Root and different subdivisions of the lands were defendants, for the foreclosure of certain tax liens, which actions, taken together, cover the lands in controversy in the present suit.

In the same year, 1891, decrees were entered in those cases, and orders made directing the sale of the lands for the satisfaction of the amounts found due by the decrees. In pursuance of said decrees the lands were sold by the sheriff to Henry S. Green, defendant in error in the present action. The deeds of conveyance were made and delivered to him by the sheriff. Plaintiff in error claims title because of the attachment proceedings, and defendant in error bases his claim to title upon the proceedings had for the foreclosure of the tax liens. This suit was brought by the plaintiff in error Leigh, in the District Court of Knox County, to quiet title to the lands in controversy.

In that court a decree was rendered in favor of the plaintiff in error Leigh, which decree was reversed by the Supreme Court of Nebraska, and the cause remanded with directions to render a decree in favor of the defendant Green.

This writ of error is prosecuted to review the judgment of the Supreme Court of Nebraska. 64 Nebraska, 533.

*Mr. J. M. Woolworth* and *Mr. W. D. McHugh* for plaintiff in error:

We admit the rule that the legislature may adopt the most summary, stringent and arbitrary administrative measures to compel the payment of taxes, and that the legislature may authorize the forfeiture of lands upon which taxes have been

assessed and levied but have not been paid when due, without notice to the owner of the assessments or the levy, or of his delinquency, or of the forfeiture. Rules protecting the property of the citizen against proceedings to divest him of his property without due process of law, are inappropriate to those intended to compel payment of taxes. But when the State goes into its courts and invokes their power, in order to aid and give effect to such administrative proceedings, another principle obtains. In doing so it abdicates its sovereignty and puts itself on the footing of any one of its subjects. The same principles and rules which govern private citizens when seeking redress of their grievances, in the judicial courts, governs the State when it becomes a suitor or consents to be sued. *United States* v. *Aredondo,* 6 Pet. 691, 734; *Mitchell* v. *United States,* 9 Pet. 711, 742; *Brent* v. *Bank of Washington,* 10 Pet. 596 (citing 2 Co. Inst. 573; 2 Ves. Sen. 296; Hard. 60, 460; 7 Co. Inst. 19; 6 Hard. 27, 170, 230, 502; 4 Co. Inst. 190); *Smoot's case,* 15 Wall. 36; *State* v. *Kennedy,* 60 Nebraska, 300; *New Orleans* v. *Citizens Bank,* 167 U. S. 371, and cases cited p. 399; *The Siren,* 7 Wall. 152. See also where this rule has been applied, *Clark* v. *Barnard,* 108 U. S. 436; *Burrs* v. *Arkansas,* 20 How. 271, 529; *Moore* v. *Tate,* 87 Tennessee, 725; *Greene* v. *State,* 73 California, 29; *People* v. *Stephens,* 71 N. Y. 527; *Southern Pacific Railroad Co.* v. *United States,* 183 U. S. 519.

Questions relating to taxation and to proceedings to compel the payment of taxes, when brought within the judicial cognizance, are not exceptions to what has been said. All of the judgments, in which the rule has been laid down that the State may adopt whatever measures it sees fit to enforce taxes, were where the proceedings in question were administrative; in none of them was the rule applied to judicial process. *Davidson* v. *New Orleans,* 96 U. S. 97; *Hagar* v. *Reclamation District,* 111 U. S. 701; *New Orleans* v. *Citizens Bank,* 167 U. S. 371, 387.

This eliminates from the inquiry the circumstances that the defendant derives his rights from the State, which, if it were the party suing, would be subject to the rules governing

actions between private parties, and, that the action, judgment, sale and deed in the foreclosure proceedings were to enforce the payment of taxes.

As to the validity of the statute and the proceedings to foreclose the tax liens, the statute changes the form from actions *in personam*, to actions *in rem*, and, by applying the rule in the latter that all the world is a party to them, attempts to avoid the necessity of bringing in lienholders personally, but as to the nature of a proceeding *in rem*, see *Freeman v. Alderson*, 119 U. S. 185, from which it appears that "actions for the enforcement of mortgages and other liens" are not actions *in rem* strictly considered.

Our concern with the statute is not because it attempts to transfer actions to foreclose a tax lien from the class called *in personam* to that called *in rem*. The legislature undoubtedly may have the power to regulate the form of remedies. But what is radically wrong in this statute is that it attempts by the judgment and proceedings which it authorizes, to conclude parties who have no notice of them, although resident within the jurisdiction and accessible to process and known to the plaintiff, and knowledge of the interests is easily ascertainable. This cannot be done by the legislature simply changing the form of the action, thus evading the fundamental principle in the jurisprudence of all civilized peoples that no judgment is of any validity against one not a party to the action in which the judgment is rendered. *Tyler v. Court of Registration*, 175 Massachusetts, 71.

It is no answer to say that the notice published in the newspaper ran to "all persons interested" in the land, for the statute does not authorize or contemplate such notice, or any notice to any one but the owner of the fee; and, besides, if notice by publication were authorized by statute, it must, to be effective, run to the parties to be reached by it and not to all interested parties without naming them.

Mr. *Edward P. Smith* and Mr. *William R. Green* for defendant in error:

The constitutional requirements of due process of law re-

late to the remedy or means used and not to substantive law, and the complainant's property is not taken from him without due process of law if he is allowed a hearing at any time before the lien of the assessment becomes enforced. *Board* v. *Collins,* 46 Nebraska, 627; *C. B. & Q.* v. *State,* 47 Nebraska, 549.

It is sufficient if a notice is given which will enable the property owner to obtain a hearing before some tribunal and contest the validity and fairness of the taxes assessed against him. *Gillmore* v. *Hentig,* 33 Kansas, 405; *Board* v. *Collins,* 46 Nebraska, 427.

The notice is to be considered in connection with the provisions of the statute which the taxpayer is bound to know. *Lent* v. *Tillson,* 72 California, 404; *S. C.,* affirmed, 140 U. S. 316; *Kansas City* v. *Duncan,* 135 Missouri, 571; *Davis* v. *City,* 86 California, 37; *Ball* v. *Ridge Copper Co.,* 118 Michigan, 7.

The Constitution should be read into the statute with relation to notice. *Lent* v. *Tillson,* 14 Pac. Rep. 71; *Kentucky Tax Cases,* 115 U. S. 316; *Paulsen* v. *Portland,* 149 U. S. 30; *Gillmore* v. *Hentig,* 33 Kansas, 405.

It is not necessary to adopt the same procedure collecting taxes through the courts as in a strictly judicial proceeding. *Duluth* v. *Dibble,* 62 Minnesota, 18; *King* v. *Mullen,* 171 U. S. 404; *Murray* v. *Hoboken Land Co.,* 18 How. 272.

In regard to taxes it is the land and not the owner that owes the debt and an action *in rem* is proper. *Blavins* v. *Smith,* 13 L. R. A. 441; Cooley on Taxation, sec. 15; Blackwell on Tax Titles, sec. 954; *Jones* v. *Devine,* 8 Ohio St. 430; Freeman on Judgments, secs. 607, 1055; *Pritchard* v. *Madren,* 24 Kansas, 349; *Chancey* v. *Wass,* 35 Minnesota, 1; *Ball* v. *Ridge Copper Co.,* 118 Michigan, 7. As to judgment *in rem, Freeman* v. *Alderson,* 119 U. S. 185, distinguished. See *Woodruff* v. *Taylor,* 20 Vermont, 65.

It is immaterial that grantor of plaintiff in error was not made a party. Herman on Estoppel, sec. 296; Wells on Res Adjudicata, 507, citing *Monroe* v. *Douglas,* 4 Sandf. Ch. 182.

Nor is seizure necessary where the property is land within

the court's jurisdiction. *Hamilton* v. *Brown*, 161 U. S. 256. The owner if he desires can always appear as claimant. *Kentucky Tax Cases*, 115 U. S. 321.

If no personal defendants are necessary, it is not necessary to give any notice in actions strictly *in rem* to defendants by personal citation. While notice is necessary, within reasonable limits the legislature may prescribe the nature of such notice, and when notice is given in conformity with the legislative provisions, it affords everyone interested in the property due process of law. *Monroe* v. *Douglas*, 4 Sandf. Ch. 182; *De Freville* v. *Smalls*, 98 U. S. 525; *Woodruff* v. *Taylor*, 20 Vermont, 73; *In re Empire State Bank*, 18 N. Y. 199, 215; *Happy* v. *Mosher*, 48 N. Y. 313; *Campbell* v. *Evans*, 45 N. Y. 356; *Hogle* v. *Mott*, 62 Vermont, 255. See brief of authorities on this question, 50 L. R. A. 599.

It is only necessary in actions strictly *in rem* to serve notice on the *res*, and when notice is so served it is notice to the world. *Cross* v. *Armstrong*, 44 Ohio St. 624; *Branch Bank* v. *Hodges*, 12 Alabama, 118; Freeman on Judgments, § 606.

It was the duty of all parties interested in the land in controversy to watch for the proceedings provided for by the statute for the foreclosure of the lien, and interpose any objection they might have to the validity of the tax. *Francis* v. *Grote*, 14 Mo. App. 234; *Ball* v. *Ridge Copper Co.*, 118 Michigan, 7.

Every one knows that his property will be sold for taxes if the taxes are not paid; parties interested in the land are presumed to know the law, and that the sale under the provisions of the statute would be an absolute bar against them. *Davidson* v. *New Orleans*, 96 U. S. 97.

It was entirely immaterial whether plaintiff's grantor was a resident or non-resident. Case *supra*, and *Shepard* v. *Ware*, 46 Minnesota, 184; *S. C.*, 48 N. W. Rep. 773.

Where a statute can be construed in such a manner as to make it conform to the constitution, that construction ought to be given it. The Nebraska Supreme Court has passed upon the form of notice in this case and has held that it conformed to the provisions of the statute, and its construc-

tion is entitled to be followed by this court. It has twice, in the cases of *Carmen* v. *Harris,* 61 Nebraska, 40, and *Grant* v. *Bartholomew,* 57 Nebraska, 673, held that the action is one *in rem.*

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

A motion is made to dismiss because the claim of impairment of a right secured by the Fourteenth Amendment was not made in the courts of Nebraska until the motion for rehearing was filed in the Supreme Court. We are unable to discover a specific claim of this character made prior to the motion for rehearing. In the motion reference is made to the failure of the Nebraska Supreme Court to decide the claim heretofore made, that the statute of Nebraska was unconstitutional because of the alleged violation of the right to due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States. Be this as it may, the Supreme Court of Nebraska entertained the motion and decided the Federal question raised against the contention of the plaintiff in error. In such case the question is reviewable here, although first presented in the motion for rehearing. *Mallett* v. *North Carolina,* 181 U. S. 589.

The Federal question presented for our consideration is briefly this : Is the Nebraska statute under which the sale was made and under which the defendant in error claims title, in failing to make provision for service of notice of the pendency of the proceedings upon a lienholder, such as Patrick, a deprivation of property of the lienholder without due process of law within the protection of the Fourteenth Amendment ?

The statutes of Nebraska under which the conveyances were made to the Farmers' Loan and Trust Company are given in the margin.[1]

---

[1] SEC. 1. That any person, persons or corporation having by virtue of any provisions of the tax or revenue laws of this State a lien upon any real property for taxes assessed thereon, may enforce such lien by an action in the nature of a foreclosure of a mortgage for the sale of so much real estate as may be necessary for that purpose and costs of suit.

The evident purpose of section 4, where the owner of the land is unknown, is to permit a proceeding *in rem*, against the land itself, with a provision for service as in case of a non-resident. By section 6 it is provided that in cases where the

Sec. 2. That any person, persons or corporation holding or possessing any certificate of purchase of any real estate, at public or private tax sale, or any tax deed, shall be deemed entitled to foreclose such lien under the provisions of this act, within any time not exceeding five years from the date of tax sale (not deed) upon which such lien is based; *And provided,* That the taking out of a tax deed shall in nowise interfere with the rights granted in this chapter.

Sec. 3. All petitions for foreclosure or satisfaction of any such tax lien shall be filed in the District Court in chancery, where the lands are situated.

Sec. 4. Service of process in causes instituted under this chapter shall be the same as provided by law in similar causes in the District Courts, and where the owner of the land is not known the action may be brought against the land itself, but in such case the service must be as in the case of a non-resident; if the action is commenced against a person who disclaims the land, the land itself may be substituted by order of court for the defendant, and the action continued for publication.

Sec. 5. All sales of lands under this chapter, by decree of court, shall be made by a sheriff or other person authorized by the court, in the county where the premises or some part of them are situated.

Sec. 6. Deeds shall thereupon be executed by such sheriff, which shall vest in the purchaser, the same title that was vested in the defendant to the suit at time of the assessment of the tax or taxes against the same; and such deed shall be an entire bar against the defendant to such suit, and against all parties or heirs claiming under such defendants; and in case the land itself is made defendant in the suit, the deed shall be an absolute bar against all persons, unless the court proceedings are void for want of jurisdiction; the object and intent of this section being to create a new and independent title, by virtue of the sale, entirely unconnected with all prior titles.

Sec. 7. The proceeds of every sale made under a decree, by virtue of this chapter, shall be applied to the discharge of the debt, adjudged by the court to be due and of the costs awarded, and if there be any surplus it shall be brought into court for the use of the defendant, or of the person entitled thereto, subject to the order of the court.

Sec. 8. If such surplus, or any part thereof, shall remain in court, for the period of three months, without being applied for, the court may direct the same to be put out at interest, under the direction of the court, for the benefit of the defendant, his representatives or assigns, to be paid to them by the order of the court; the party to whom said surplus shall be loaned to be designated by the court, and the sureties, upon which said money is loaned, to be approved by the judge.

Sec. 9. All lands sold by the sheriff by virtue of this act, shall be ap-

land itself is made defendant the deed shall be an absolute bar against all persons, unless the court proceedings are void for want of jurisdiction. The object and intent of the action is defined to be " to create a new and independent title, by virtue of the sale, entirely unconnected with all prior titles."

The Supreme Court of Nebraska has held that the term " owner," as used in the fourth section, applies to the owner of the fee, and does not include a person holding a lien upon the premises. It is this section (4) and section 6 which are alleged to be in conflict with the Fourteenth Amendment. The argument for the appellant concedes that the State may adopt summary or even stringent measures for the collection of taxes so long as they are "administrative" in their character; and it is admitted that such proceedings will not divest the citizen of his property without due process of law, although had without notice of assessments or levy, or of his delinquency and the forfeiture of his lands. But the argument is, that when the State goes into court and invokes judicial power to give effect to a lien upon property, although created to secure the payment of taxes, the same principles and rules prevail which govern private citizens seeking judicial remedies, and require service on all interested parties within the jurisdiction. The right to levy and collect taxes has always been recognized as one of the supreme powers of the State, essential to its maintenance, and for the enforcement of which the legislature may resort to such remedies as it chooses, keeping within those which do not impair the constitutional rights of the citizen. Whether property is taken without due process of law depends upon the nature of each particular case. If it be such an exercise of power " as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims pre-

---

praised, advertised, and sold as upon execution and the title conferred by his deed shall be entitled to all the presumptions of any judicial sale.

SEC. 10. This act shall be construed as cumulative and not exclusive in respect to the remedy for enforcing liens, and collecting delinquent taxes, by sale of property or otherwise, in the cases herein provided for, and shall in nowise interfere with, alter, or amend the existing revenue laws of the State.

scribe for the classes to which the one in question belongs," it is due process of law. Cooley on Const. Lim. (7th ed.) 506.

The most summary methods of seizure and sale for the satisfaction of taxes and public dues have been held to be authorized and not to amount to the taking of property without due process of law, as a seizure and sale of property upon warrant issued on ascertainment of the amount due by an administrative officer, *Murray* v. *Hoboken Land Co.*, 18 How. 272; the seizure and forfeiture of distilled spirits for the payment of the tax, *Henderson's Distilled Spirits*, 14 Wall. 44. The subject underwent a thorough examination in the case of *Davidson* v. *New Orleans*, 96 U. S. 97, in which Mr. Justice Miller, while recognizing the difficulty of defining satisfactorily due process of law in terms which shall apply to all cases, and the desirability of judicial determination upon each case as it arises, used this language: "That whenever by the laws of a State, or by state authority, a tax, assessment, servitude, or other burden is imposed upon property for the public use, whether it be for the whole State or of some more limited portion of the community, and those laws provide for a mode of confirming or contesting the charge thus imposed, in the ordinary courts of justice, with such notice to the person, or such proceeding in regard to the property as is appropriate to the nature of the case, the judgment in such proceedings cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections."

In the present case, the argument is that, as the State has not seen fit to resort to the drastic remedy of summary sale of the land for delinquent taxes, but has created a lien in favor of a purchaser, at tax sale, after permitting two years to elapse in which the owner or lienholder may redeem the property, it has in authorizing a foreclosure without actual service, taken property without due process of law, because the proceedings and sale to satisfy the tax lien do not require all lienholders within the jurisdiction of the court to be served with process. If the State may proceed summarily, we see no reason why it may not resort to such judicial proceedings as are authorized

in this case. And if the State may do so, is the property owner injured by a transfer of such rights to the purchaser at the tax sale, who is invested with the authority of the State? In *Davidson* v. *New Orleans, supra,* the objection was made that the State could not delegate its power to a private corporation to do certain public work, and, by statute fix the price at which the work should be done. In that connection, speaking of the *Slaughter-House Cases,* 16 Wall. 36, Mr. Justice Miller said : " The right of a State to use a private corporation and confer upon it the necessary powers to carry into effect sanitary regulations was affirmed, and the decision is applicable to a similar objection in the case now before us."

In the statute under consideration, for the purpose of collecting the public revenue, the State has provided for the enforcement of a lien by the purchaser at a tax sale, and authorized him to proceed against the land subject to the tax to enforce the right conferred by the State. The State has a right to adopt its own method of collecting its taxes, which can only be interfered with by Federal authority when necessary for the protection of rights guaranteed by the Federal Constitution. In authorizing the proceedings to enforce the payment of the taxes upon lands sold to a purchaser at tax sale, the State is in exercise of its sovereign power to raise revenue essential to carry on the affairs of state and the due administration of the laws. This fact should not be overlooked in determining the nature and extent of the powers to be exercised. " The process of taxation does not require the same kind of notice as is required in a suit at law, or even in proceedings for taking private property under the power of eminent domain. It involves no violation of due process of law when it is executed according to customary forms and established usages, or in subordination to the principles which underlie them." *Bell's Gap Railroad* v. *Pennsylvania,* 134 U. S. 232, 239.

In authorizing the proceedings under the statute to enforce the lien of the purchaser, who has furnished the State its revenue in reliance upon the remedy given against the land assessed, the State is as much in the exercise of its sovereign power to collect the public revenues as it is in a direct pro-

ceeding to distrain property or subject it to sale in summary proceedings.

Nor is the remedy given in derogation of individual rights, as long recognized in proceedings *in rem*, when the Fourteenth Amendment was adopted. The statute undertakes to proceed *in rem*, by making the land, as such, answer for the public dues. Of course, merely giving a name to an action as concerning the thing rather than personal rights in it cannot justify the procedure, if in fact the property owner is deprived of his estate without due process of law. But it is to be remembered that the primary object of the statute is to reach the land which has been assessed. Of such proceedings, it is said in Cooley on Taxation (2d ed., 527): "Proceedings of this nature are not usually proceedings against parties; nor, in the case of lands or interests belonging to persons unknown, can they be. They are proceedings which have regard to the land itself, rather than to the owners of the land; and if the owners are named in the proceedings, and personal notice is provided for, it is rather from tenderness to their interests, and in order to make sure that the opportunity for a hearing shall not be lost to them, than from any necessity that the case shall assume that form." And see *Winona Land Co.* v. *Minnesota*, 159 U. S. 526.

Such being the character of the proceedings, and those interested having an opportunity to be heard upon application, the notice was in such form as was reasonably calculated to bring the same to the attention of those interested in the lands. In the present case the notice was in the form given in the margin.[1]

---

[1] *Legal Notice.*

In the District Court of Knox County, Nebraska.

The Farmers' Loan and Trust Company, Plaintiff,
    *vs.*
Henry A. Root and The Northwest Quarter of Section Twenty-two (22), Township Thirty-one (31), Range Three (3) West, of the 6th Principal Meridian, Defendants.

The State of Nebraska, Knox County, to the above-named defendants and all persons interested in said real estate:

You are hereby notified that the petition of plaintiff is now on file in the

This notice was to all persons interested in the property. The lienholder, the Nebraska court has held, may appear in court and set up his claim. The notice was good as against the world, and all that is necessary when the proceedings are *in rem* :

" Laws exist under which property is responsible for taxes imposed upon it. These same laws often authorize the obligation by them imposed upon the property, to be enforced by proceedings in which no service of process is required except upon such property. The judgment resulting from such a procedure is *in rem*, and satisfaction thereof is produced by an execution authorizing the sale of the property. The sale acts upon the property, and, in so acting, necessarily affects all claimants thereto." Freeman on Judgments, sec. 606.

When the proceedings are *in personam* the object is to bind the rights of persons, and in such cases the person must be served with process ; in proceedings to reach the thing service upon it and such proclamation by publication as gives opportunity to those interested to be heard upon application is sufficient to enable the court to render judgment. *Cross* v. *Armstrong*, 44 Ohio St. 613, 624. Where land is sought to be sold and is described in the notice a technical service upon it would add nothing to the procedure where the owner is unknown. The publication of notice which describes the land

District Court of Knox County, Nebraska, wherein plaintiff claims that it purchased said real estate for taxes due thereon in the sum of twenty-four dollars and fifty-one cents at the tax sale held in said county on the 12th day of June, 1888; that under said sale it has paid subsequent taxes on said land as follows, to wit: on the 10th day of August, 1888, twenty-one dollars and seventy-nine cents, and on the 9th day of July, 1889, nineteen dollars and sixty-three cents, for which sum, with interest as provided by statute, plaintiff claims the first lien against said premises and asks the foreclosure thereof, and that the said property be sold to satisfy the amount due plaintiff, together with the further sum of ten per cent of said amount as attorney's fees and costs of suit. And you are further notified to appear and answer said petition on or before Monday, the 9th day of November, 1891, or the petition will be taken as true and judgment rendered accordingly.

Dated this 30th day of September, 1891.

FARMERS' LOAN AND TRUST COMPANY,
By M. J. SWEELEY, *Its Attorney.*

is certainly the equal in publicity of any seizure which can be made of it.

In *Tyler* v. *Judges of the Court of Registration*, 175 Massachusetts, 71, the Supreme Judicial Court of Massachusetts upheld as constitutional an act providing for registering and confirming titles to lands, in which the original registration deprived all persons, except the registered owner, of any interest in the land, and the act gave judicial powers to the recorder after the original registration, although not a judicial officer, and there was no provision for notice before registration of transfer or dealings subsequent to the original registration. The majority opinion was delivered by Mr. Justice Holmes, then chief justice of Massachusetts. In the course of the opinion, speaking of the Massachusetts Bill of Rights and the Fourteenth Amendment, he said : "Looked at either from the point of view of history or the necessary requirements of justice, a proceeding *in rem* dealing with a tangible *res*, may be instituted and carried to judgment without personal service upon claimants within the State or notice by name to those outside of it, and not encounter any provision of either constitution. Jurisdiction is secured by the power of the court over the *res*."

In *Huling* v. *Kaw Valley Railway & Improvement Co.*, 130 U. S. 559, it was held that notice by publication in proceedings to condemn land for railway purposes was sufficient notice to non-resident owners, and was due process of law as to such owners. So as to adjudications of titles of real estate within the limits of the State as against non-resident owners, brought in by publication only. *Arndt* v. *Griggs*, 134 U. S. 316, 327 ; *Hamilton* v. *Brown*, 161 U. S. 256, 274.

The principles applicable which may be deduced from the authorities we think lead to this result : Where the State seeks directly or by authorization to others to sell land for taxes upon proceedings to enforce a lien for the payment thereof, it may procede directly against the land within the jurisdiction of the court, and a notice which permits all interested, who are "so minded," to ascertain that it is to be subjected to sale to answer for taxes, and to appear and be

heard, whether to be found within the jurisdiction or not, is due process of law within the Fourteenth Amendment to the Constitution.

In the case under consideration the notice was sufficiently clear as to the lands to be sold ; the lienholders investigating the title could readily have seen in the public records that the taxes were unpaid and a lien outstanding, which, after two years, might be foreclosed, and the lands sold and by the laws of the State an indefeasible title given to the purchaser. Such lienholder had the right for two years to redeem, or, had he appeared in the foreclosure case, to set up his rights in the land. These proceedings arise in aid of the right and power of the State to collect the public revenue, and did not, in our opinion, abridge the right of the lienholder to the protection guaranteed by the Constitution against the taking of property without due process of law.

The judgment of the Supreme Court of Nebraska is

*Affirmed.*