WESTERN CHEVROLET COMPANY, Appellant, v. ZEHNPFENNIG, Respondent.

(229 N. W. 307.)

(File No. 6860. Opinion filed February 21, 1930.)

452

*Fellows, Fellows & Whiting,* of Mitchell, for Appellant.
*Morgan & Eastman,* of Mitchell, for Respondent.

BURCH, J. This is an action in replevin to recover possession of an automobile. Defendant purchased the car at a sale held pursuant to an order of the municipal court of the city of Mitchell. The car was seized and the sale ordered under chapter 204, Laws of 1925, providing for the forfeiture of an automobile used in the illegal transportation of intoxicating liquor. On January 14, 1928, Gus Hanson was arrested and the car containing intoxicating liquor was seized. Hanson and the owner of the car, A. E. Dykes, were together and in charge of the car at the time it was seized and Hanson arrested. Dykes, the owner, made his escape, but was later, on the 28th day of January, 1928, arrested and charged with illegal transportation of intoxicating liquors. On the 18th of January Hanson pleaded guilty to the charge and was duly sentenced. After the disposition of the case against Hanson, but before the arrest of Dykes, the court made and entered the order for the forfeiture and sale of the automobile. Plaintiffs had sold the car to A. E. Dykes upon a conditional sales contract which at

the time of the seizure and sale of the car was in full force and effect, and default in the terms of the contract had occurred, but no attempt had at that time been made by plaintiff to take possession of the car under the terms of the conditional sales contract because of the default. The car at the time of its seizure was, and had been at all times, material to the issues in the undisputed possession of Dykes, the purchaser under the conditional sales contract.

██ Most of the questions raised on this appeal are settled by the decisions in State v. One Studebaker Automobile, 50 S. D. 408, 210 N. W. 194, and State v. One Pontiac Coach Automobile (S. D.) 224 N. W. 176. By these decisions it is settled that only the owner is protected from forfeiture upon showing good cause, and that the holder of a conditional sales contract is not an owner within the meaning of the law. Under those cases Dykes is the owner. He has made no attempt to show cause against the forfeiture of the car and the facts disclosed by the record do not indicate that he could make a successful showing.

█ Appellant urges that the proceedings here taken were not authorized, and especially that no forfeiture could be declared or sale ordered until the case against Dykes was finally adjudicated. Section 10303, R. C. 1919, as amended by ch. 204, Laws 1925, authorizes the search of an automobile for liquor, and if liquor is found, the arrest of the person in charge and seizure of the car, which must be held by the sheriff of the county in which seizure was made (subject to the right of the owner to give bond and take possession) until final disposition of the case against the person arrested, when the court may order a sale of the car, "unless good cause is shown to the contrary by the owner." The court seems to have substantially followed the provisions of the statute, if a sale could be ordered when the case against Hanson was disposed of by a plea of guilty and sentence. Appellants contend that no forfeiture and sale of the car could be ordered until disposition of the case against Dykes, the owner, he having been subsequently arrested for illegal transportation of the liquor for which the car was seized. One person in charge of the car and liquor had been convicted, thus fixing the criminal character of the transportation rendering the car subject to forfeiture. In State v. One Studebaker Automobile, supra, it was held that illegal use of the automobile determines the right of forfeiture, not the guilt or innocence of the

owner. Hanson's plea established the illegal use. The car could then be forfeited, although the owner might never be apprehended or tried, unless the owner showed good cause to the contrary.

 Appellant challenges the constitutionality of the statute, it being contended that the statute violates the due process clause of the State Constitution, article 6, § 2, and the Fifth Amendment to the Constitution of the United States, in that there is no provision for notice to the owner. The owner, however, is not denied the right to defend his property. But the statute does provide for sale "upon such notice as the court shall decree." The owner may assert his rights at any time before sale. Thus the statute provides for ample notice. Not personal notice, but the action is in rem to forfeit property where no personal liability or right is sought to be enforced and personal notice is not necessary. Leigh v. Green, 193 U. S. 79, 24 S. Ct. 390, 48 L. Ed. 623; Tyler v. Judges, 175 Mass. 71, 55 N. E. 812, 51 L. R. A. 433. The validity of statutes of similar import are discussed in Van Oster v. Kansas, 272 U. S. 465, 47 S. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044, wherein it is held such statutes do not violate the due process provision of the Constitution. Our statute is not unconstitutional as violative of the due process clause. In the instant case the owner abandoned his property to the searching officers and made his escape. He had ample actual notice to enable him to assert his rights, if he had any. He is not complaining. In State v. One Pontiac Coach Automobile, supra, we held the law was not unconstitutional because of failure to provide for protection of the interests of an innocent holder of a lien under a conditional sales contract. That case is decisive of appellant's contentions herein.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.