An appropriate order may be submitted.

## In re Tax Sales by County Treasurer.

*W. J. Knupp*, for county treasurer.

*John Siggins, Jr.*, for school board and tax collector of Warren Borough.

*S. D. Blackman*, for Warren Borough.

*Warren M. Stone*, for county commissioners.

ARIRD, P. J., Jan. 26, 1931.—On Nov. 20, 1930, we filed an opinion in the above entitled case, and at that time we made the following finding:

"We, therefore, find that it is not the duty of the county treasurer at the first term of a Court of Common Pleas of Warren County, Penna., succeeding such sale to make a report and return wherein he shall set forth a brief description of the land or property sold, the name of the person, etc., *i. e.*, in our opinion, R. E. Waid, County Treasurer of said Warren County, Penna., is not in duty bound to comply with section 9 of the Act of May 9, 1929, P. L. 1684, as, in our opinion, this section violates the 14th Amendment to the Constitution of the United States and deprives persons of their property without due process of law."

On Dec. 30, 1930, W. J. Knupp, attorney for R. E. Waid, county treasurer, moved for a reargument of the case. Motion was granted, and on Jan. 9, 1931, the case was called and argument heard.

The Act of April 15, 1834 [P. L. 509], requires assessors to give notice to every taxable inhabitant, and also requires the commissioners to give notice by advertisement of the time and place of such appeal; also, it is their duty to hear appeals at any subsequent time when in session previous to the payment of the tax: Shafer *v.* Marsh, 22 Pa. C. C. Reps. 33, 23 Pa. C. C. Reps. 321.

The courts are bound to hear such appeals: Rockhill I. & C. Co. *v.* Fulton County, 204 Pa. 44. How can it be said that the Act of May 9, 1929 [P. L. 1684], is unconstitutional when the taxpayer has his remedy up to the time of sale. Said act is only an enforcement act and the legislature is not obliged to provide an appeal for each and every step in said proceeding: Voigt *v.* Detroit City, 184 U. S. 115.

Due process of law does not require that a person should have an opportunity to be present when a tax is assessed against him or that the tax should be collected by suit: McMillen *v.* Anderson, 95 U. S. 37. It is sufficient if he has an opportunity to question the validity or amount of tax before that amount is determined or in proceedings for its collection: Winona & St. Peter Land Co. *v.* Minnesota, 159 U. S. 526. A tax law which grants to the taxpayer the right to be heard on assessment of his property before final judgment provides due process: Pittsburgh C. C. & St. Louis Ry. Co. *v.* Backus, 154 U. S. 421.

When a state seeks directly or by authorization to others to sell land for taxes upon proceedings to enforce a lien for the payment thereof and the owner is unknown, it may proceed directly against the land within the jurisdiction of the court, and a notice which permits all interested who are "so minded" to ascertain that it is to be subjected to sale to answer for taxes and to appear and be heard, whether to be found within the jurisdiction or not, is due process of law: Leigh *v.* Green, 193 U. S. 79.

Personal notice or notice *in pais* is not essential; a statute which fixes the time and place at which the assessment is to be made or complaints are to be held is itself sufficient notice.

In proceedings for the assessment and collection of general taxes, all that is necessary is that the usual course prescribed by the state laws should conform to natural notice and should require notice to the taxpayer and afford him an opportunity to be heard at some stage of the proceedings to contest the validity of the charge imposed upon him: Hagar *v.* Reclamation District, 111 U. S. 701.

The general system of procedure for the levy and collection of taxes established in this county is due process of law: Kelly *v.* Pittsburgh, 104 U. S. 78.

It has been held due process of the law is secured when the laws operate on all alike and do not subject the individual to the arbitrary exercise of the

powers of government: Giozza v. Tiernan, 148 U. S. 657; Marchant v. Pennsylvania R. R. Co., 153 U. S. 380.

The essential elements of due process of law are notice and an opportunity to defend, and in determining whether such rights have been denied, the court is governed by the substance of things and not by mere form; if the party complaining has in fact had proper notice and a due hearing, or an opportunity to be heard, there is no color for the contention that he has been denied due process of law: Iowa Central R. R. Co. v. Iowa, 160 U. S. 389'; Wilson v. North Carolina, 169 U. S. 586.

This amendment does not control mere form of procedure in state courts or regulate practice therein. Each state has full control over the procedure in its courts, both in civil and criminal cases, subject only to the qualification that such procedure must not make a denial of fundamental rights or conflict with specific and applicable provisions of the Federal Constitution: Ex parte Reggel, 114 U. S. 642.

This clause does not require a trial by jury under all circumstances, and proceedings without a jury if according to the usual and settled course of procedure in such matters will still be valid: Walker v. Sauvinet, 92 U. S. 90.

This clause does not require that proceedings in a state court should be by any particular mode if they constitute a regular course of proceedings in which notice is given of the claim asserted and an opportunity afforded to defend against it: Simon v. Craft, 182 U. S. 427.

Summary process, whether civil or criminal, to enforce collection of taxes or to punish the violation of a valid municipal regulation, if according to the usual course of such proceedings at common law, is due process: Murray v. Hoboken Land & Imp. Co., 18 How. 272.

Proceeding by rule does not conflict with due process of law if the fundamental rights secured by the amendment are not denied: Louisville & Nashville R. R. Co. v. Schmidt, 177 U. S. 230.

I do not find where section 9 of the Act of May 9, 1929, P. L. 1684, violates the 14th Amendment to the Constitution of the United States in that it deprives persons of their property without due process of law, for the reason a day is fixed for any taxpayer to appeal from the valuation placed on the property by the assessor, and, again, the taxpayer has the right to appeal to court for relief—Act of April 15, 1834 [P. L. 509]. The taxpayer has the right to file exceptions when the treasurer's deed is acknowledged, and, lastly, he cannot be deprived of his property except by an action of ejectment. This section only relates to the proceeding of the treasurer. The legislature in its wisdom wished to guard the taxpayers' rights and especially provided that the court is to pass on the proceedings of the treasurer to see that he has fully complied with it in every detail prescribed by the statute. The court does not confirm the sale but only the report of the treasurer, the same as in a report of sale of lands in the orphans' court or other proceedings.

If a taxpayer files exceptions to said sale which are overruled by court, he surely has the right to appeal; this right is not denied. The act has not repealed a single defense that could be raised to a seated tax sale prior to this act. I also find that the act is retroactive so as to apply to all taxes assessed prior to and including 1929.

A state may adopt new remedies for the collection of taxes and apply those remedies to the collection of taxes already delinquent; and may provide that taxes already delinquent shall bear interest from date of delinquency: League v. Texas, 184 U. S. 156.

We have examined the decisions cited in plaintiff's brief, and, in our opinion, at the present time, we rescind the former order made in this case.

Again, under existing circumstances, the time for filing a report by the county treasurer is extended to Feb. 20, 1931.

We now decline to adopt the opinion written by Judge Fleming in the case of Bowers v. Smith, 14 D. & C. 220, and we now hold that R. E. Waid, County Treasurer of said Warren County, Pennsylvania, is in duty bound to comply with section 9 of the Act of May 9, 1929, P. L. 1684, and at present, in our opinion, this section does not violate the 14th Amendment of the Constitution of the United States, and it does not deprive persons of their property without due process of law: Blood v. Mercelliott, 53 Pa. 391; Yeager & German v. Weaver, 64 Pa. 425; In re Road in the Borough of Phoenixville, 109 Pa. 44; Sugar Notch Borough, 192 Pa. 349; Buffalo Branch, Mutual Film Corp., v. Breitinger, 250 Pa. 225.

From Joseph H. Goldstein, Warren, Pa.