**INDUSTRIAL BANK OF WASHINGTON, Plaintiff,**

v.

**Theodore J. SHEVE et al., Defendants.**

**Civ. A. No. 452-67.**

United States District Court
District of Columbia.

June 10, 1969.

for redemption by owners or others having a beneficial interest in the property.

Industrial Bank held a deed of trust note on the real estate involved here. After proper notice of tax delinquency to the owner by letter and to all others by publication, the property was sold at a tax sale held in the manner prescribed by 47 D.C.Code § 1001 et seq. The owner did not redeem in the two-year period that followed, nor did Industrial Bank.* Plaintiff, upon first learning of the sale immediately after the two years had passed, sought to redeem the property before the issuance of the requested tax deed. Since the statute on its face permits no such redemption and all forms of notice provided by the statute had been properly given, Industrial Bank's request was denied.

Plaintiff now claims its constitutional rights have been violated and presses for an interpretation which would read into the Code, for all parties having a beneficial interest in property sold at tax sales, a right of redemption during the time between the end of the two-year redemption period and the issuance of the requested tax deed.

A tax sale is not a government taking for which just compensation must be paid under the Constitution after judicial proceedings. Industrial Bank's beneficial interest gave it no right to have notice by personal service of the administrative tax proceedings for the Code, § 47–1001, provides only for notice by publication, which is sufficient under the authorities. See Leigh v. Green, 193 U.S. 79, 24 S.Ct. 390, 48 L.Ed. 623 (1904).

Nor is plaintiff entitled to redeem the property after the passage of two years but before the issuance of the requested tax deed. Judicial sale which permits such redemption under 47 D.C. Code § 1011 is an additional method for collecting taxes which does not replace or add to administrative sale proce-

George H. Windsor, Washington, D. C., for plaintiff.

Herman Miller and Robert McCally, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

This matter comes before the Court for summary judgment upon agreed facts following the dismissal of an appeal from an earlier denial of a preliminary injunction. Industrial Bank of Washington v. Tobriner, 132 U.S.App. D.C. 51, 405 F.2d 1321 (Feb. 15, 1968). The dispute concerns the meaning and effect of various provisions of the District of Columbia Code governing tax sales of real estate and the opportunity

---

* Although not required by statute, the record owner was sent a Notice of Expiring Redemption Period by registered mail 90 days before the end of the two-year period.

dures. See W. C. & A. W. Miller Development Co. v. Emig P. Corp., 77 U.S. App.D.C. 205, 134 F.2d 36 (1943), cert. denied, 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155 (1943). Clearly when an administrative sale occurs, "if the property shall not be redeemed by the owner or owners thereof within two years * * * a deed *shall* be given * * * to the purchaser at such tax sale * *." 47 D.C.Code § 1003. (Emphasis added.) There is no constitutionally mandated right to redemption after the passage of two years under such circumstances.

These Code provisions work well: Notice by publication provides a delinquent tax list which banks having beneficial property interests may and normally do check regularly. Where owners default banks have adequate time to protect their interests. This is the routine procedure followed in this city. Industrial Bank was simply asleep at the switch, but its legal rights were not ignored.

Summary judgment is granted for defendants. Counsel to submit appropriate order.