## Seemiller v. Amato

C.P. of Carbon County, no. 05-2874.

*William B. Quinn,* for plaintiff.

*Carmine S. Amato,* pro se.
*Helen A. Amato,* pro se.

NANOVIC, *P.J.,* March 15, 2007—"Before a state may take property and sell it for unpaid taxes, the due process clause of the Fourteenth Amendment requires the government to provide the owner 'notice and opportunity for hearing appropriate to the nature of the case.' " So begins the decision by the United States Supreme Court in *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 1712, 164 L.Ed.2d 415 (2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). It is also, as we shall see, the answer to the issue presented by the Bennett Family Trust in its motion for judgment on the pleadings now before us.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 7, 2004, the plaintiff, Joseph R. Seemiller, purchased from the Carbon County Tax Claim Bureau the property which is the subject of these proceedings to quiet title. Prior to this purchase, the property was exposed twice to public sale by the Tax Claim Bureau—once at upset sale and once at judicial sale—in accordance with the provisions of the Real Estate Tax Sale Law (RETSL), 72 P.S. §§5860.101-5860.803. The property was sold to Seemiller from the bureau's "repository for unsold properties" maintained in accordance with section 626 of the RETSL, 72 P.S. §5860.626. At the time of this sale, the Trust was the owner of the property as that term is defined in the RETSL.[1]

_____

1. The RETSL defines "owner" as "the person in whose name the property is last registered, if registered according to law, or, if not

As a pure legal question, the Trust argues that the statutory authorization found in section 627(a) of the RETSL, 72 P.S. §5860.627(a), for the sale to Seemiller from the bureau's repository is unconstitutional on its face and deprived it, as owner, of a proprietary interest without notice or an opportunity to be heard.[2] In deciding this issue, the question is not what was in fact done, but what does the RETSL require to be done before property can be sold from the repository, and does it violate an owner's constitutional rights.[3]

---

registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under article VII by any county, 'owner' shall mean the county." 72 P.S. §5860.102. (footnote omitted)

Under this definition, as the most recent grantee appearing in a deed or other instrument of conveyance recorded in the Carbon County Recorder of Deeds Office, the Trust was the owner of the property at the time of the sale to Seemiller.

2. Section 627(a) of the RETSL provides:

"The bureau may, with the written consent of all the taxing districts where the property is located, accept an offer of any price for property placed in the 'repository for unsold properties' without court approval and published notice of sale. Any taxing district may not unreasonably withhold its consent to the sale of the property." 72 P.S. §5860.627(a).

Ironically, the Trust itself purchased the property from repository, the then current owners of the property being the defendants, Carmine S. Amato and Helen A. Amato.

3. Notice of the Trust's challenge to the constitutionality of the RETSL in this respect has been given by the Trust to the attorney general of Pennsylvania in accordance with Pa.R.C.P. 235. The attorney general has not participated in these proceedings.

## DISCUSSION

In essence, the Trust contends that it has been denied its constitutional right to due process of law because the RETSL allows for the sale of property out of the bureau's repository without providing additional notice to the owner of that property. When narrowly viewed, the argument has colorable merit. The argument, however, fails to take into account the type and number of notices required by the RETSL before property is placed in the repository, or the quality of title possessed by the owner of property held in repository.

The RETSL provides, sequentially, for the entry of claims by the bureau on unpaid taxes, the sale of property at an upset tax sale on tax claims which have become absolute, and exposing to judicial sale those properties not sold at the upset sale, before property is placed in the bureau's repository. As to notice of these events, the RETSL requires one consolidated notice, by registered or certified mail, return receipt requested, of the annual return of unpaid taxes made to the Tax Claim Bureau by the tax collector of each taxing district and of the entry of claims thereon in the records of the Tax Claim Bureau to the owners of each affected property at the address provided by the tax collector and, if such notice is not delivered at this address, by posting of the property, 72 P.S. §5860.308; notice by publication, by posting of the affected property, and by certified mail, restricted delivery, return receipt requested, to each owner of the property and, with respect to this mailing, to those owners from whom a return receipt is not received, notice by first class mail to the owner's last known address as it appears from the records of the Tax Claim Bureau, the tax collector for the taxing district making the return,

and the county assessment office, of the date, time and location of the upset tax sale scheduled for the property, 72 P.S. §5860.602; and personal service, if within this Commonwealth, and by registered mail, return receipt requested, postage pre-paid, for service made outside of the Commonwealth, upon all interested parties, including the owner, of a rule to show cause why the property should not be sold at a judicial sale free and clear of all taxes and encumbrances, with absolute title conveyed to the purchaser. 72 P.S. §§5860.610 and 5860.611.

Additionally, when any notice of an upset or judicial sale mailed to an owner "is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property." 72 P.S. §5860.607a(a); *In re Sale No. 10,* 801 A.2d 1280, 1283 (Pa. Commw. 2002).

To ensure against the deprivation of property without due process, strict compliance with these requirements is compulsory, the absence of which will invalidate the sale. *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 297, 489 A.2d 1334, 1339 (1985).

The RETSL is an integrated statutory system providing for the escalating security and collection of delinquent real estate taxes. At the same time, the notice requirements of the RETSL provide for increasing efforts to identify, locate and notify a property owner as the threat to his property interest and personal liability for debt expands. From initially according taxes a first lien position on levy as a matter of law (72 P.S. §5860.301), to making tax claims entered on the records of the Tax Claim Bureau absolute and secure against challenges to their amount and validity (72 P.S. §5860.314), the RETSL progressively provides for an upset tax sale at which the minimum bid must be sufficient to pay all unpaid and accrued taxes in full, but at which the property remains under and subject to all mortgages, liens and other encumbrances for which payment has not been received (72 P.S. §5860.609), to a judicial sale at which the property is sold freed and cleared of "all tax and municipal claims, mortgages, liens, charges and estates of whatsoever kind, except ground rents separately taxed," regardless of the price paid (72 P.S. §5860.612). *Bell v. Berks County Tax Claim Bureau,* 832 A.2d 587, 593 (Pa. Commw. 2003) ("At an upset sale, all recorded obligations not included in the upset price survive the sale, but at a judicial sale no liens or claims survive the sale.").

By design, only after repeated and multiple notices have been given to the owner, and the property has been exposed to successive upset and judicial sales and remains unsold, is property placed in the bureau's "repository for unsold properties." 72 P.S. §§5860.610 and 5860.626. From this repository, the bureau is authorized to sell directly to prospective buyers—without further

notice to the owner, notice by publication, or court approval—and to convey title "free and clear of all tax and municipal claims, mortgages, liens, and charges and estates of whatsoever kind, except ground rents separately taxed." 72 P.S. §5860.627(b).

Due process does not require actual notice. *Jones,* 126 S.Ct. at 1713 (citing *Dusenbery v. United States,* 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed. 2d 597 (2002) (discussing the form of notice required by due process when advising a federal inmate of the government's intention to forfeit property in which the inmate appears to have an interest; holding that attempting to provide notice by certified mail satisfied due process in the circumstances present)). It does, however, require the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1713-1714 (quoting *Mullane,* 339 U.S. at 314); see also, *Tracy,* 507 Pa. at 297, 489 A.2d at 1339. To meet this standard, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Jones, supra* at 1715 (quoting *Mullane,* 339 U.S. at 315). "[A] party's ability to take steps to safeguard its own interests does not relieve the state of its constitutional obligation." *Id.* at 1717 (citation and quotation marks omitted); see also, *Smith v. Tax Claim Bureau of Pike County,* 834 A.2d 1247, 1251 (Pa. Commw. 2003). Finally, in assessing the adequacy of a particular form of notice, the "interest of the state" must be balanced against "the individual interest sought to be protected by the Fourteenth Amendment." *Jones, supra* at 1715 (quoting *Mullane,* 339 U.S. at 314).

In weighing these interests, the interest of the taxing districts to collect unpaid taxes is definite and clear:

"In authorizing the proceedings to enforce the payment of the taxes upon lands sold to a purchaser at tax sale, the state is in exercise of its sovereign power to raise revenue essential to carry on the affairs of state and the due administration of the laws . . . . The process of taxation does not require the same kind of notice as is required in a suit at law, or even in proceedings for taking private property under the power of eminent domain." *Leigh v. Green,* 193 U.S. 79, 89, 24 S.Ct. 390, 392, 48 L.Ed. 623 (1904). (citation and quotation marks omitted)

By comparison, the Trust's interest in property assigned to the bureau's repository in compliance with the provisions of the RETSL is in name only. For all intents and purposes, by the time property has been exposed to judicial sale and placed in repository, all interest of the owner in the property itself has been terminated.

Once a rule to sell property at a judicial sale has been properly served on the owner and a decision authorizing such sale has been approved by the court, the balance between the government's interest in being paid its taxes and the private interest sought to be protected by the Fourteenth Amendment is tipped, and tipped heavily, in favor of the government: the Tax Claim Bureau has been authorized to sell the property without any reserve, the paramount object being the collection of unpaid taxes, and the owner's right to purchase has been extinguished. 72 P.S. §5860.618(a).[4]

---

4. Section 618(a) of the RETSL provides:

"The owner shall have no right to purchase his own property at a judicial sale, a private sale or from the bureau's repository for unsold property under the provisions of this act." 72 P.S. §5860.618(a).

At this point, if not before, the owner no longer holds a legally protected property interest in the property. See *Rivera v. Carbon County Tax Claim Bureau,* 857 A.2d 208, 215-16 (Pa. Commw. 2004) (holding that once property has been exposed to an upset sale, provided the notice provisions of the RETSL have been met, legal title to the property passes to the Tax Claim Bureau, as trustee, by operation of law, regardless of whether an offer to purchase has been made or accepted), *appeal denied,* 583 Pa. 592, 878 A.2d 866 (2005); see also, *DiMaio v. Tax Claim Bureau of Monroe County,* 50 D.&C.3d 25, 27 (1988) (holding that once the rule to sell at judicial sale is made absolute, the owner has lost all legal right to the property and is not entitled to any further notices). At most, the owner holds a remote and amorphous interest in any excess purchase monies above and beyond those necessary to pay all costs and expenses, taxes and municipal claims, and mortgages, liens, and encumbrances against the property. 72 P.S. §§5860.205 and 5860.630.

In judging whether this statutory scheme comports with the requirements of due process, "[t]he criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals." *Mullane,* 339 U.S. at 315 (quoting *American Land Co. v. Zeiss,* 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82 (1911)). In other words, the words of the Due Process Clause, while "cryptic and abstract," must be applied reasonably and fairly under the circumstances. *Id.* at 313. The "prac-

---

For purposes of this limitation, the term "owner" means, inter alia, any individual or trust "who *had* any ownership interest or rights in the property." 72 P.S. §5860.618(c). (emphasis added)

ticalities and peculiarities of the case" must be taken into account. *Id.* at 314-15.

We believe that the means employed by the RETSL are justly and reasonably calculated under all the circumstances to notify the owner of a tax delinquency and the effect of this delinquency on his property interest if the taxes are not paid. They provide the owner with an opportunity to challenge the regularity or legality of the proceedings employed by the bureau in placing property for sale, as well as the amount and validity of the claim on which a sale is held, and give the owner an opportunity to "choose for himself whether to appear or default, acquiesce or contest." *Mullane,* 339 U.S. at 314. They balance the vital interest of government to collect taxes, without which government would be unable to function, with the fundamental right of an owner not to be deprived of property without cause and without an opportunity to respond and be heard at a meaningful time and in a meaningful manner, the sine qua non of due process. When account is taken of the statutory scheme as a whole which precedes placement of property in the repository, and giving appropriate deference to the subject with which the statute deals, we conclude that no further steps to notify the owner are constitutionally required before property is sold from the repository by the Tax Claim Bureau.[5]

---

5. This decision assumes that the statutory requirements of the RETSL have been met prior to the property being placed in repository. *Rivera v. Carbon County Tax Claim Bureau,* 857 A.2d 208, 216 (Pa. Commw. 2004) ("Legal title to a property can only pass to the bureau when the statutory requirements of the [RETSL] have been met"). Where, however, notice is defective, and the sale is invalidated, the owner is not precluded from discharging a tax claim by payment. *Ri-*

## CONCLUSION

For the reasons stated, the Trust's motion for judgment on the pleadings on the basis of unconstitutionality of the RETSL as it pertains to the sale of property from the repository without additional notice to the property owner will be denied.

*vera, id.* at 217. To the extent the Trust disputes compliance with these requirements, the dispute raises a factual issue not appropriate for resolution at this stage of the proceedings.