**GRAY PROPERTIES, INC., Appellant,**

v.

**Walter N. TOBRINER et al., Board of Commissioners of the District of Columbia, and George J. Trivers, Appellees.**

**No. 19674.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 23, 1966.

Decided March 10, 1966.

---

**830**

Mr. S. Churchill Elmore, Washington, D. C., for appellant.

Mr. Robert E. McCally, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Milton D. Korman, Acting Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for appellees Walter N. Tobriner and others.

Mr. George H. Windsor, Washington, D. C., with whom Mr. George E. C. Hayes, Washington, D. C., was on the brief, for appellee George J. Trivers.

Before EDGERTON, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

## PER CURIAM.

Appellant is the assignee of a tax sale certificate covering a lot in the District of Columbia. The certificate covers the delinquent and unpaid District real property taxes on the property for the fiscal year ending June 30, 1958. The real property taxes on the property were also delinquent for the three succeeding years. There being no purchaser at the public auction for these years, the property was bid off in the name of the District of Columbia, all as provided by the statute. 47 D.C.CODE §§ 1001–1003 (1961). On July 2, 1963, the Commissioners for the District, after a private sale conducted pursuant to 47 D.C.CODE § 1003 (1961), issued a tax deed covering the property to appellee George J. Trivers, who paid all of the then delinquent and outstanding real property taxes, penalties and costs due the District.

Appellant brought this action in the District Court seeking an injunction to compel the District to void the tax deed to Trivers and convey the property to appellant. The case was submitted to the District Court upon a stipulation of facts which the District Court adopted and to which it appended its conclusions of law resulting in dismissal of the suit. Appellant's only claim here is that under 47 D.C.CODE § 1003 it had five years to pay all of the back taxes and obtain a tax deed for the property, and that the tax deed to Trivers deprived it of its right to claim title to the property within that time.

Under the statute the purchaser of a tax sale certificate does have certain rights with reference to the property covered by the certificate. If the owner of the property does not redeem it within two years of the tax sale, the purchaser of the tax sale certificate at the sale may, within the next three years, obtain a tax deed to the property by paying all of the taxes and charges then due and owing. If, however, the property is the subject of another tax sale which results in the issuance of a tax deed, the tax deed expunges all other interests in the property and "vests in the holder a new and complete title to the property in fee simple." W. C. & A. N. Miller Development Co. v. Emig Properties Corp., 77 U.S.App.D.C. 205, 208, 134 F.2d 36, 39, cert. denied, 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155 (1943). If appellant wanted to protect its right to obtain a tax deed for the property within the five-year period, it was incumbent upon it to make certain that the property was not again the subject of a tax sale.

Affirmed.