Margaret T. IRVING, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellee.

No. 93–CV–1205.

District of Columbia Court of Appeals.

Argued Nov. 22, 1994.

Decided Oct. 16, 1995.

---

Grasty Crews, II, Falls Church, VA, for appellant.

Leonard C. Collins, Washington, DC, for appellees Robinson and Moshovitis.

Vanessa Ruiz, Corporation Counsel at the time the briefs were filed, Charles L. Reischel, Deputy Corporation Counsel, and Lutz Alexander Prager, Assistant Deputy Corporation Counsel, Washington, DC, filed a statement in lieu of brief for appellee District of Columbia.

1. The Robinsons purchased the property as tenants by the entireties. Mr. Robinson died in 1992, and Mrs. Robinson continued in the case both in her individual capacity and as personal representative of her husband's estate. While this appeal was pending, Mrs. Robinson assigned her interest in the property to James H. Moshovitis, who was then added as an appellee.

2. D.C.Code § 47–1303 provides in pertinent part:

Before WAGNER, Chief Judge, and TERRY and SCHWELB, Associate Judges.

TERRY, Associate Judge:

Appellant challenges a trial court order requiring the District of Columbia to issue a tax deed to Verna Robinson for a piece of real property which Mrs. Robinson and her late husband purchased in a 1986 tax sale. Appellant claims that the trial court erred because the Robinsons' interest in the property had been extinguished following a "bid-off" of the same property by the District of Columbia at a tax sale in 1987. Alternatively, appellant argues that the Robinsons' claim to a tax deed is barred by the Probate Reform Act, by equitable principles, and by due process concerns. Finding no trial court error and no merit in appellant's other arguments, we affirm.

I

On January 28, 1986, Elbert and Verna Robinson successfully bid on a piece of real property which the District of Columbia auctioned off for non-payment of property taxes.[1] The Robinsons purchased the property, located at 1622 Eleventh Street, N.W., for $1,784.82, the amount of delinquent taxes for Tax Year 1985. In January 1987 the property was auctioned off again for non-payment of the 1986 taxes. This time it was purchased by the District of Columbia pursuant to D.C.Code § 47–1303 (1990), which requires the District to "bid off" property if no other person bids the amount due in taxes.[2]

During the two years following the Robinsons' purchase, no effort was made by the owner of record, Harold R. Kyles, to redeem the property as permitted by D.C.Code § 47–1306. Consequently, after the two-year redemption period expired in 1988, the Robinsons applied for a tax deed on the property

Upon the day specified ... the Mayor of the District of Columbia shall proceed to sell or cause to be sold [at auction] any and all property upon which [real property] taxes remain unpaid.... In case no other person bids the amount due, together with penalties and costs, on any lot, the ... Collector of Taxes shall bid the amount due, together with penalties and costs, on the same and purchase it for the District.

by surrendering to the Department of Finance and Revenue the tax sale certificate they had received, along with the money to pay the outstanding amount of taxes, penalties, and interest. *See* D.C.Code § 47–1304(a). However, because of a large administrative backlog in the Department of Finance, the Robinsons had not yet received a deed to the property by the time this action was begun in 1992. In the meantime, the Robinsons continued to pay the taxes on the property as they came due.

Meanwhile, in March 1989, Mr. Kyles died in an automobile accident, and his mother, appellant Margaret Irving, was appointed the personal representative of his estate. In April 1989, unaware that the property had been the subject of a tax sale, Mrs. Irving asked the Department of Finance whether there were any outstanding tax liabilities against the property. The Department of Finance gave her a bill for the unpaid taxes, penalties, and interest due in the amount of $11,403.82, which Mrs. Irving promptly paid. She had no knowledge of the Robinsons' interest in the property until June 1991, when she received a tax bill stating, "There are other prior taxes due." Upon further inquiry at the Department of Finance, Mrs. Irving learned that the Robinsons had purchased the property at the 1986 tax sale.

Mrs. Irving then filed the instant suit to enjoin the District from issuing a tax deed to the Robinsons,[3] and the District agreed not to do so until the dispute had been settled. After the Robinsons answered the complaint, the parties filed cross-motions for summary judgment. The trial court, after two hearings, granted partial summary judgment for Mrs. Robinson,[4] ordering the immediate issuance of a tax deed to her upon payment to the District of all amounts still owed on the property. All monetary claims were left to be resolved at a later time. The parties subsequently agreed on a settlement, contingent on the outcome of this appeal, and a final judgment was entered. Mrs. Irving then noted the instant appeal.

## II

The District of Columbia is authorized by statute to sell real property for non-payment of property taxes. Under D.C.Code § 47–1304(a), the District must sell all property for which taxes are in arrears to the highest bidder at public auction. Once the winning bid is paid, the Collector of Taxes must issue to the purchaser a certificate of sale. The owner of record may redeem the property within two years after the sale by paying the District the amount for which the property was sold. If the owner does not do so, the purchaser then has three more years in which to apply for a tax deed to the property. Once these conditions are met and the purchaser applies for the deed and pays all taxes and penalties owed, "a deed *shall* be given by the Mayor ... to the purchaser at such tax sale ... or to the assignee of such certificate [of sale]...." D.C.Code § 47–1304(a) (emphasis added). If there is no successful bid at the tax sale, the District of Columbia must bid in its own name the amount due, including penalties and interest. D.C.Code §§ 47–1303, 47–1304(a). If the property is thus bid off by the District, the owner of record may still redeem it within the two-year redemption period. D.C.Code § 47–1304(a).

The record shows that the Robinsons complied with all the statutory requirements when they purchased the property at the 1986 tax sale. Mrs. Irving does not contest the validity of that sale. Rather, she argues that at the end of the two years following the District's bid-off of the property in 1987, the District acquired immediate ownership of the property, thereby divesting the Robinsons of the "conditional interest" in it which they had acquired in the 1986 sale. Mrs. Irving claims that the Robinsons lost their interest in the property by failing to bid on it at the 1987 sale. She bases her argument on *Gray Properties, Inc. v. Tobriner,* 123 U.S.App. D.C. 150, 357 F.2d 829 (1966), which held that tax sale purchasers must protect their right to the issuance of a tax deed by making

---

3. The District of Columbia was originally the only defendant. The Robinsons were added later as additional defendants in an amended complaint.

4. By this time Mr. Robinson had died.

certain that the property is not subject to another tax sale. We hold that *Gray Properties* is distinguishable and of no help to Mrs. Irving in this case.

In *Gray Properties* the appellant was the assignee of a tax sale certificate which covered unpaid taxes on the property for fiscal year 1958. The taxes for the following three years also went unpaid, and in each of those years the District, pursuant to the statute, bid off the property in its own name, since no one else came forward to buy it at the three annual auctions. In 1963 the District sold the property in a private sale and issued a deed to the new purchaser, George Trivers. Gray Properties, the assignee of the tax sale certificate, maintained that the sale to Trivers was invalid, asserting that it had five years from the date of the sale in which to apply for the deed. The court rejected this argument and upheld the sale to Trivers. It recognized that "[u]nder the statute, the purchaser of a tax sale certificate does have certain rights with reference to the property covered by the certificate," including the right to "obtain a tax deed to the property [within three years after the owner's redemption period has expired] by paying all of the taxes and charges then due and owing." Nevertheless, the court held:

> If ... the property is the subject of another tax sale *which results in the issuance of a tax deed*, the tax deed expunges all other interests in the property and "vests in the holder a new and complete title to the property in fee simple."

123 U.S.App.D.C. at 151, 357 F.2d at 830 (citations omitted; emphasis added). The court warned that it was the certificate holder's responsibility to make sure that the property was not sold at another tax sale. *Id.*

*Gray Properties* is readily distinguishable from the case at bar. Although the facts of the case, as summarized in the opinion, are scant, it is clear that Gray Properties failed to apply for a tax deed at the end of the redemption period; in fact, the taxes remained delinquent for an additional three years. Moreover, in *Gray Properties* the District actually sold the property to a third party and issued a deed to that purchaser. In the instant case, by contrast, the Robinsons protected their rights by applying for the deed at their first opportunity to do so, immediately after the expiration of the two-year redemption period. Additionally, the District has neither sold the property nor issued a deed to a third party. Thus Mrs. Irving's reliance on *Gray Properties* is unavailing.

We are not persuaded by Mrs. Irving's argument that at the expiration of the redemption period following the District's bid-off of the property in 1987, the Robinsons were divested of the rights they had acquired in 1986. Mrs. Irving assumes that since the statute authorizes the District to transfer immediate ownership when it sells property at a private sale, it must have already acquired complete ownership at the end of the redemption period. We find nothing in the statute, however, to suggest that the District has ownership rights superior to those of one who purchased the property at an auction occurring a year before its own purchase. In fact, we have previously held that "the ordering of and issuance of the deed to the District is the step that is intended to vest the District's rights *vis-à-vis* other claimants." *Massie v. District of Columbia,* 634 A.2d 1226, 1229 (D.C.1993).[5] Notwithstanding the District's bid-off, an owner or other interested party is not divested of any interest in the property until a deed is actually issued, even after the two-year redemption period has expired. *See id.* (citing legislative history). Moreover, the statute does not require a purchaser at a tax sale to pay the taxes each year thereafter to protect his or her interest.[6] We agree with the trial court that, if a

5. In the instant case Alfred L. Richards, a supervisor at the Department of Finance, stated in an affidavit that the Department is under an obligation to issue a deed to the first applicant, even though a later applicant's request may be based on a sale that occurred before the sale to the first applicant.

6. A prudent purchaser, however, would be well advised to do exactly that (as the Robinsons did), so as to avoid being superseded by a subsequent purchaser:

> [T]o fully protect its right to obtain a tax deed, the prior tax sale purchaser must "make certain that the property [is] not again the subject

purchaser were required to repurchase the property each year, there would be no need for the five-year statutory cutoff period. We hold that the Robinsons, once they had complied with all the statutory requirements at the 1986 tax sale, acquired a conditional interest in the property which was not divested by the District's subsequent bid-off in 1987.

■ Having concluded that the Robinsons were the only parties with an interest in the property at the end of the redemption period, we reject Mrs. Irving's alternative argument that the Robinsons' claim to the property is barred by the Probate Reform Act because they did not file a claim against Mr. Kyles' estate pursuant to that Act. Since Mr. Kyles no longer had any interest in the property after his redemption period expired in 1988, his estate could not acquire any interest in the property upon his death in 1989. There was thus no need for the Robinsons to make a claim against his estate.

■ Finally, Mrs. Irving argues that the Robinsons' claim to the property is barred by equitable principles and due process considerations. She asserts that she assumed the burdens and responsibilities of ownership by paying the taxes and maintaining the property, and that the District of Columbia recognized her ownership interest when it billed her for subsequent tax assessments. We cannot and do not decide whether Mrs. Irving might have an equity-based claim against the District for money she spent on the property in reliance on any supposed representations by the District that she was the rightful owner. Whether she does or not, such a claim "cannot affect [the Robinsons'] rights as the purchaser[s] at the tax sale, which accrue upon expiration of the redemption period." *Malone v. Robinson,* 614 A.2d 33, 35 n. 4 (D.C.1992). Moreover, reliance by Mrs. Irving on any alleged representations by the District clearly would not rise to the level of a constitutional right, since neither she nor Mr. Kyles retained any rights, constitutional or otherwise, in the property once

the redemption period had expired. *See Industrial Bank of Washington v. Scheve,* 307 F.Supp. 98, 100 (D.D.C.1969).[7] We hold that the Robinsons' conditional interest in the property became absolute in 1988, when they applied for a tax deed after Mr. Kyles' failure to redeem the property within the two-year statutory period. Thus Mrs. Robinson (or her assignee) is entitled to issuance of the tax deed. *Massie, supra,* 634 A.2d at 1229.

The judgment of the trial court is therefore

*Affirmed.*

---

of a tax sale" by paying the taxes as they become due.
*Massie, supra,* 634 A.2d at 1228 (citing *Gray Properties,* 123 U.S.App.D.C. at 151, 357 F.2d at 830). We note also that the District "cannot protect its interests as a private tax sale purchas-

er could," since under the statute it must resell the property every year. *Massie,* 634 A.2d at 1228.

7. We note that Mrs. Irving has never challenged the validity of the sale to the Robinsons.